UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NINH T. NGUYEN &  
BINH T. NGUYEN D/B/A  
B&N GROCERY & DELI

CIVIL ACTION

VERSUS

NO. 06-8460

MARKEL INTERNATIONAL  
INSURANCE COMPANY

SECTION "C"  
MAGISTRATE 5

**ORDER AND REASONS**

Before the Court is the plaintiff's Motion for Remand due to lack of jurisdictional amount. The defendant opposes this motion, claiming that the amount in controversy exceeds the $75,000 requirement of 28 U.S.C. §1332. For the following reasons, the Motion to Remand is **GRANTED**.

**I.    BACKGROUND**

On August 28, 2006, the plaintiff filed suit in Civil District Court for the Parish of Orleans, State of Louisiana against Markel seeking insurance benefits, compensatory damages, penalties, interest, attorney's fees and exemplary damages. [Rec. Doc. No. 1-2, p. 2]. The state

court petition alleges that as a result of Hurricane Katrina, the plaintiffs' property suffered significant damage to its building, as well as to the inventory and contents contained therein. Id. The plaintiffs claim that the defendant has failed to adequately and/or timely investigate and/or adjust the plaintiffs' claim for damages pursuant to the insurance policy provided by the defendants to the plaintiffs. On October 18, 2006, the defendant removed the action to this federal district court on the basis of diversity jurisdiction. In its Notice of Removal, the defendant avers that the amount in controversy is greater than $75,000, exclusive of interests and costs, as required by 28 U.S.C. §1332. However, the plaintiffs have since filed this Motion to Remand the case back to state court on the grounds that the jurisdictional amount required by the statute has not been met.

## II.      LAW AND ANALYSIS

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. §1441 (2006). The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. See, 28 U.S.C. § 1332 (2006). When a case originally filed in a Louisiana state court which does not contain an allegation of monetary damages asserted is removed to federal court, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart, 193 F.3d 848, 850 (5th Cir.1999). "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) by setting forth facts in controversy-preferably in the

removal petition, but sometimes by affidavit-that support a finding of the requisite amount." Id. (internal quotations and citations omitted).  Any ambiguities are construed against removal. Tomlinson v. St. Paul Fire and Marine Insurance Co., 2006 WL 2632105 citing Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

    In the instant case, $21,539.80 has already been paid to the plaintiffs by the defendant for damage to the building.  However, the plaintiffs dispute this assessment of the damages to the building and are also making claims under the contents portion of the policy.  The Defendant's Notice of Removal states that the amount in controversy exceeds $75,000 because the policy limits for the plaintiff's building is $100,000 and the policy limit for contents is $50,000.  Since $21,539.80 has already been paid to the plaintiffs, the most the plaintiffs could recover would be the difference between the policy limit on the building and the amount paid on the building, plus an amount no greater than the $50,000 limit for the contents of the building.  Therefore, the maximum amount that the plaintiffs could receive as a result of this litigation is $128,460.20. While this amount is greater than the requisite $75,000 jurisdictional limit, the policy limits are not determinative of the amount in controversy.  It is not facially apparent by the petition that the plaintiffs are seeking more than $75,000 in damages.  While their policy limits may exceed $75,000, there is no indication in the plaintiffs petition that they are seeking the full amount of coverage under the policy.  The plaintiffs simply aver that the amount paid thus far by the defendants to the plaintiffs for their damages is insufficient to cover their loss.  The defendant attempts to set forth facts in its removal notice that, in essence, are merely conclusory statements based on policy limits and the fact that the plaintiffs are seeking attorneys fees and penalties.

There is no reference to facts about the actual amount of damage to the plaintiff's property in the removal notice.  Therefore, this Court finds that the jurisdictional amount was ambiguous at the time of removal.

In general, courts evaluate the facts supporting jurisdiction at the time of removal. <u>Gebbia</u> v. Wal-mart Stores, Inc., 233 F.3d 880, 883 (5th Cir.2000); <u>Simon v. Wal-mart Stores, Inc.</u>, 193 F.3d 848, 851 (5th Cir.1999). Therefore, "post-removal affidavits, stipulations, amendments reducing the amount do not deprive the district court of jurisdiction." <u>Simon</u>, 193 F.3d at 851; <u>St. Paul Mercury Indemn. Co. v. Red Cab Co.</u>, 303 U.S. 283, 293 (1938). However, post-removal affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal. <u>Cleary v. Murphy Oil USA, Inc.</u>, 2003 WL 21977163 (E.D. La. 2003), <u>citing</u> <u>Gebbia</u>, 233 F.3d at 883.

In this case, the Plaintiffs are willing to stipulate into the record that their claim does not exceed $75,000, exclusive of interest and costs, and that they will not seek an amount greater than $75,000 from the defendant should this case be remanded to state court.  Taking this stipulation into account, this Court finds that the jurisdictional amount required by 28 U.S.C. §1332 has not been met.

For the reasons stated above,  IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this __6th__ day of ~~January,~~ February 2007.


_____
HELEN G. BERRIGAN

UNITED STATES DISTRICT JUDGE